Good morning, Your Honors. May it please the Court, Melissa Camacho-Chung for Appellant David Kester. I'd like to reserve about three minutes for rebuttal. The District Court dismissed David Kester's claim under 33-420A, holding that materiality is required for a penalty. In doing so, the Court usurped the will of the Arizona Legislature by requiring materiality where the statute itself does not. The plain language punishes knowingly recording a property document that is forged, groundless, contains a material misstatement or false claim, or is otherwise invalid. Now, not only is the statute written in the disjunctive, but the last phrase, otherwise invalid, is also preceded by an additional verb, or is otherwise invalid. The plain language just simply prohibits any interpretation that places a material modifier on a word other than misstatement. Now, rather than following the plain language of the statute, the District Court found an implied sense of materiality. Now, the Court erred by inferring this materiality where the legislature could have chosen to put it into any portion of the statute, could have chosen to make liability dependent on whether or not a plaintiff could prevail on a property claim, but chose not to. Instead, the statute assigns punitive damages. And the Arizona Supreme Court in Wyatt noted that the punitive damages serve to punish evil-minded conduct. It's not primarily designed to reimburse or compensate for any actual injury. So through the statute, the Arizona legislature has determined that a penalty of at least $5,000 per document is necessary to punish and deter this type of conduct. But, Counsel, how do you square the District Court's reliance on the Arizona cases such as Sitton and Stauffer, which appeared to go the same way in terms of suggesting that there was a materiality requirement that applied to the statute? How do you distinguish those cases from this situation? A couple of different ways. In both of those cases, the plaintiffs raised their claim under the material misstatement prong. There's only one Arizona state case that has, or one Arizona Court of Appeals case, that has dealt with the otherwise invalid prong, and that's Del Mastro and Eels v. Taco Bell. Also, the errors alleged in the documents in those cases are not at all analogous to the type of error in this case, where we're alleging an entirely invalid document. It's simply just the errors in those cases just don't rise to that level. And that's really the reason for the materiality. So why isn't that cured by the one-year rule? The one-year rules are designed to fix a certain problem, and that's the muddying of title. They're designed to protect subsequent purchasers from value for problems with their title that may have happened at the recording stage. The thing about our case is that at a 33-4-20. No harm, no foul. I mean, if the year has passed and the title document is valid by the passage of the one year, you don't have any injury. There's no harm, no foul as to the subsequent purchaser for value. But what the Arizona legislature is saying is that at that moment of recording, that is a bad act. It is a bad act to record an invalid property document, and that's the problem. No, that's perfectly fine. You can have lots of bad acts. There are lots of bad acts out there. But if you're not injured, you don't have standing. You don't have any injury to a claim in court. Lots of bad stuff happens for which, you know, you can't sue. So how can you sue if, you know, this bad act happens, now a year passes. Now, you know, if immediately you bring a lawsuit within one year period, you say, well, you know, I've got a year of risk that something will go wrong. But the year passes, and by law, the effect of that bad act is vitiated. You don't suffer any injury. How can you bring a lawsuit? Because at that point, the document becomes valid. So a couple of things. I mean, we're talking about Article III here. Well, but the courts have already decided there is standing, that the Arizona legislature, by passing this statute, has provided standing. Well, they can decide all they want to, but it's a question of constitutional standing. If you don't have an injury, how can you get into federal court? How do we have power to adjudicate if your client, you know, the plaintiff, is not injured? So a couple of things. So the district court itself actually noted that if he had brought this claim in this one-year window, the beneficiary would have canceled the sale and renoticed it. The notice sale would never have been completed. So as to Mr. Kester in that first, in that 90 days, it was very significant to him that this invalid document was recorded. The clock started running on this 90 days when it should not have because there was no notary in the room to acknowledge these documents. And that's the type of problem. I'm not sure. I'm not understanding the significance of that. Was this lawsuit brought within that 90 days? No, but I'm showing the injury that occurs when a document is recorded, no matter if, as to a subsequent purchaser for value, that's fixed in the year. The bad act, the banks are on the hook for four years under the statute of limitations for that bad act. The fact that subsequent purchasers for value are protected after that year doesn't fix it. But what's the injury? The injury is that an invalid property document was recorded. So it starts muddying the title without having all the protections required by the Arizona State legislature. I guess I'm not understanding. I mean, you know, if the problem is cured by the time they bring the lawsuit. But it's cured only as to the subsequent purchasers for value. So part of the problem is that this is a nonjudicial foreclosure process. And the Arizona legislature has decided that that's okay. But an acknowledgment is required in that case to bring some sort of third party, some sort of oversight into the process. There's a list of officers authorized to take these acknowledgments, a judge, a clerk, a recorder of deeds, a notary public. I'm sorry. You say as to subsequent purchasers for value. I'm not sure what that means. If the document is valid as to the purchaser, it's valid as to the seller. Right? The seller is able to use that document to transfer title, to clean title. So what is the injury to the seller if the buyer gets clean title? I'm just not understanding. It's that this entire process was started by the banks not recording documents properly. And in a way, the Arizona legislature has essentially titled it the property holder at that time, serves as somewhat of a private attorney general. It has the ability to bring suit. Right. And if you bring the lawsuit within that time when the document is not valid, then you've got a lawsuit. But you brought your claim after the period expired, the problem has been cured. What are you saying, mental harm? He suffered mental harm because of the claim? If you want to save two minutes, I'll ask you one question, and then you should save your time. The Arizona legislature decided that it was a wrongful act that affected your client and subjected your client to risk of dangers of damages, which didn't occur, and invested your client with the right to sue for the damages for the risk that she was subjected to or he was subjected to. Correct. And the question is, could the Arizona legislature give your client standing? Would it give it federal standing? Because although it was subjected to a risk of actual damages by a wrongful act, those damages didn't occur. Did that eliminate your client's standing? And I believe that cases have already decided that the standing under the statute that my client is invested with. Is there a federal case that has decided that your client has standing under those circumstances? You know, I don't. I'd be happy to submit a letter brief, but I have nothing off the top of my head. Thank you. I don't want to take all your time. Any other comments? Good morning. And may I please support Tom Panoff on behalf of the defendants, FLE City Mortgage and CR Title Services. Let me ask you that same question. Are you aware of any federal case that says that when the Arizona legislature declared that a wrongful act committed against a citizen and subjecting that citizen to risk, if it doesn't ultimately subject it to risk, that that citizen, despite given standing to sue for the risk she was subjected to or he was subjected to, any case that says that there is no standing to assert that damage that you suffered? We are not aware of any particular federal case with that, those circumstances, especially in light of the Spokio's ruling by the U.S. Supreme Court. But I think the – and to be fair, we did not challenge standing at the – Well, it doesn't matter whether you did. We have to decide. Understood. Yeah. Understood. But I think the reason – I'll explain to the Court the reason why it wasn't challenged below is because the harm that they've articulated is one of clouded title at time. But we take the panel's point about that. It's not the panel's point. We take the questioning at face value, though, that there is this issue as to if the 1-year period already cured it, then after that 1-year period, would a plaintiff such as the plaintiff here have that standing to sue under the statute? You don't think the fact that the plaintiff was subjected to risk by the wrongful act of your client would give the client standing? There is the risk issue. There's also the fact that this is a class action, but there is only one named plaintiff so far. So there is the risk that there would be that harm and that there would be the clouded title. So that is – there is a risk that is there. But I would like to say, aside from the standing point, there are at least – I'm not sure I understand your answer. Is there a risk after the 1-year period has passed? There shouldn't be a risk to that plaintiff in that situation once the 1-year has passed, because as Judge Wake said – Is that a lawyer's way of saying no? No. Is the answer yes or no? You're not sure? No for this plaintiff, Your Honor. And there could be a plaintiff – You're not saying she wasn't subjected to a risk because of your unlawful client, and you're not suggesting that being subjected to a risk is not injury? Again, in the abstract, there could be a risk that would be sufficient to convey standing. In this particular context – And if the Arizona legislature decided that that was sufficient, that that risk was sufficient injury, would you disagree with that? Again, I think it would have to depend on the risk, because this is a hotly contested issue in light of Spokio. So depending on what the risk was, is it a risk that existed in traditional common law? If such, then the Supreme Court has said in Spokio that you look to the nature of the risk if it's one that's existed in common law. If it is a relatively new one that the legislature has pronounced, then I think it might be a different analysis. Well, certainly the clouding of title is a risk that was recognized at common law, was it not? It was. And so if a risk was created by virtue of someone filing an invalid document, and that was made illegal by the Arizona legislature, and it had a four-year statute of limitations, would not we count four years from the time when that risk was created? You would, I think, for justifying the risk. But I think there's also, yes, this countervailing point that that risk is But the injury occurred. Was the injury not the creation of the risk? And did the Arizona legislature not pass a statute to prohibit the creation of that risk and allow people to sue for four years? They did, Your Honor. They did. So I would like, unless the panel has additional questions on Stand-Eat, I'd just like to point out that there are four independent bases on which this court can affirm the district court in this diversity case. The first one is the materiality point. Thankfully, there's a lot of Arizona case law affirming that you do need materiality in this kind of context, regardless of the prong that's alleged. The second point is... No Arizona Supreme Court case. Just Arizona Court of Appeals cases, Your Honor. But as this court has held in Kirkland, unless there's countervailing evidence to the contrary, then those cases would be binding. Also, the text of the statute, as I'll get into... The text of the statute seems quite clear that materiality is limited to material misstatements or false claim at most. Well, the qualifier does apply to that prong, Your Honor, but that's because all these other prongs of the statute have materiality built in. You have forged. You have groundless. All of those otherwise invalid, those all imply materiality, as Judge Waite noted there. And it's important to focus on the fact that this is a criminal statute. A violation of the statute could subject the person to six months in jail under Arizona law. It would be nonsensical to think that you could be subject to jail time for an immaterial error on a document. What is the material error of an unnotarized document or a forged document? Why is it immaterial? Why is it immaterial? Because the standard for materiality under the statute is it has to have a reasonable person would change their course of action based on that error. And as both the Siddon and the Stauffer case hold, there's nothing that would have changed here. This suit was filed four years after the foreclosure occurred, and it's undisputed that the borrower was in default. There's nothing that he could have changed based on this error because his opportunities were still the same. Either pay and bring the loan current, try to renegotiate, or face foreclosure. Those are the options that existed. Both the Stauffer and the Siddon court held that. He couldn't have changed anything based on the notarization error. At most, as Judge Wake pointed out, at most, the notarization error would affect the constructive notice given to the world. But it doesn't do anything to invalidate the documents between the parties. But you mean the legislature can't say that if you forge a notary's statement that that doesn't matter? They can't provide that a forgery of a notary statement on the document, that that in itself can be an offense, criminal or not? For the purposes of this, it's a civil issue of whether the forgery or the lack of a notary. It seems to me the statute just says that that's enough. They could say that, but that's not what they've said here, Your Honor, and that's not, more importantly, what's alleged in this case. It's never alleged that there is a forgery. They're not claiming that. No, no, but you're saying that the materiality applies to everything except things that have forgery as materiality built in, you say. Forgery does have materiality built in. But submitting it without a notary is not material? Well, there was a notary, Your Honor. It's just a question of the 10 days in between when her commission was revoked and when she executed the document. So it's not as if there was no notary here. No, but we can't, we have to interpret the statute. It's not just specific. This one was 10 days. The next one is 2 years. The one after that, the notary never really was a notary. And the next one that they didn't ever even try to have a notary. They're all the question of the invalidity of the notary's, of the notarization. It could be, Your Honor. Those facts are not before us. And I just want to underscore that this is not a forgery case. They have never contested that she signed someone else's name or wasn't the lawful representative. It's merely this timing issue. But isn't this statute a punitive statute? It's intended to stop someone from doing the kind of thing that was done here. And it sounds to me like you're saying that the statute really has no purpose behind it. Because the kind of forgeries that you're talking about that would be material, a person could undo the mortgage under those circumstances and stop the foreclosure, couldn't they? Not at all, Your Honor. I think what's important to point out is if you look at the Stauffer case, the other side said that that wasn't a forgery case. Forgery was alleged there. And what they were claiming is the signature in that case didn't match prior signatures by the notary. So it wasn't just a misstatement case. Forgery was alleged in Stauffer, too. And in the Stavrzy case, as the Arizona Court of Appeals held in that case, that that itself wasn't material, where forgery was expressly alleged. Here, forgery hasn't even been alleged. So for this Court to say that there was materiality here, when in both Stauffer and the Sitton case where it was alleged, validity was alleged, and there was no finding materiality, it would be countervailing to everything in Arizona case law to find materiality here. But I just want to make another point, too, is that even if they did. We'll give you another minute. Okay, thank you. I appreciate that. Even if they did overcome materiality, which they can't, they would have to show that this document is invalid under Arizona law. And as we pointed out in our brief, the standard for that is it's a very high bar. There has to only be some basis for the document. That's all that's required under Arizona law under the Evergreen case and the SWC case that we cite. Don't those cases say that there's an equitable enforcement rather than a legal enforcement? Pardon me, Your Honor? That it becomes a matter of equitable enforcement. In those cases? No. No, those cases are no. I think Your Honor might be thinking about the case that said that you can have an equitable transfer of the interest without any document to begin with, and that's if the promissory note transfers. Then there's an equitable transfer of the deed of trust. Those cases say so. That raises another point. If you could have. Oh, I don't want to do that. You have minutes left. Thank you, Your Honor. Thank you. I just want to close with the point that what appellees try to do is really underplay the problems with this case, the problems that the banks made in this case, basically cutting corners at the beginning of foreclosures. And this court in regarding MERS has already found that a plaintiff stated a robo-signing forged documents. Here, there's not a robo-signing, but we have appellees using people who are no longer notaries as notaries. And that's exactly the type of wrong that the Arizona statute is seeking to prevent. So all we're asking this court to do is to let this suit go forward so that the Arizona's legislature's purpose in passing this document can come to pass. And that's punishing those who record invalid documents and deterring them from doing so in the future. So unless there are any further questions. Thank you. Thank you very much. The case is adjourned. It will be submitted. Thank you both very much.
judges: Reinhardt, Kozinski, Berg